FILED
SUPERIOR COURT
OF GUAM

2025 MAY -2 PM 12: 18

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., | CIVIL CASE NO. CV0396-23 |
| Plaintiff, | |
| vs. | |
| DAVID WAATHDAD; KINASIRO K. ALBERT; RENSPER ALPET; IASINDA R. ALPET; SINIO ANIS; FLORENZO H. ATAN; THANKYOU ERAM; ROSENTA IFRAIM; SMITHER D. EZRA; SILIHNER G. FRED; MARGARET L. FANOWAY; MARTINA FINE JOSEPH, Individually as the Special Administrator of the Estate of RAINIS RANGI, deceased; PAUL KARGON; MARTINA RUEMAU; DARIA KOSAM; JOHN LIGMAW; MARIA T. LIGMAW; MARSALA D. MARTIN; SONTAG H. MARTIN; T'NEL MORI; LYNN OTWII aka "LYNN OTIWII"; TAKASHI C. UNTUN; MARTIN RAYMOND; INOCENTA RAYMOND; ALEX H. RUBEN; FELISA B. RUBEN; KEROPIM SHAREP; TOMININA TAKEIOSHY; JENNIFER D. TAPACIO; GERRY L. TAPACIO; DIVINA VAIAU; STANLEY YANFAG; ROSEMARY YANFAG, WAYSON W.S. WONG and DOES ONE (1) through TEN (10) inclusive, | DECISION AND ORDER DENYING MOTION TO STAY AND MOTION TO DISMISS |
| Defendants. | |

This matter came before the Court on January 23, 2025 for a Motion hearing on Plaintiff's

Motion for an Order Staying Case ("Motion"). Present was counsel for Plaintiff Cyfred, Ltd.

("Plaintiff" or "Cyfred"), Attorney Curtis Van de Veld. Counsel for all living named Defendants

in this matter (the "Various Defendants"), Attorney Wayson Wong, was *not* present at the hearing. Upon review of the arguments and applicable Guam law, the Court hereby **DENIES** the Motion.

## BACKGROUND

Before addressing the merits of Defendants' request for a stay, the Court first summarizes the background of the related proceedings in *Waathdad et al. v. Cyfred, Ltd.,* Superior Court of Guam Civil Case No. CV0735-18 ("CV0735-18"), as the outcome of the pending motions in that case directly impacts whether a stay is appropriate in this matter.

### A.    Background in CV0735-18

The matter in CV0735-18 involves years of litigation between Plaintiff and various homeowners, some of whom are the Various Defendants in the present matter. Plaintiff, the developer of the Gill-Baza Subdivision, failed to install sewer lines to lots in the subdivision that were sold to Defendants. *Waathdad v. Cyfred, Ltd.,* 2024 Guam 6 ¶ 2. This resulted in litigation that was eventually resolved through a settlement agreement. *Id.* Under that settlement, the Defendants in CV0735-18 received promissory notes for additional lots, which required them to make annual payments to Plaintiff. *Id.* Initially, the Defendants complied with these payment obligations, but later ceased doing so, claiming a right to offset those payments based on fees they believed were owed to them by Plaintiff in separate litigation. *Id.*

Following the non-payment, Plaintiff initiated several non-judicial foreclosures on certain homeowners' properties, as permitted under the terms of the settlement. Id. In response, the Defendants filed a lawsuit in CV0735-18 seeking an injunction to halt further foreclosures. Id. The trial court ruled in favor of Plaintiff, entering judgment against the homeowners and awarding Plaintiff attorney's fees and costs. Id. at ¶ 3. The amount of fees was initially deferred due to the

2

homeowners' appeal, but after the Guam Supreme Court affirmed the judgment and related orders in Waathdad v. Cyfred, Ltd., 2021 Guam 24, the trial court resumed its consideration of fees. Id. Although the homeowners successfully argued that the trial court could not award appellate attorney's fees, the trial court still ordered them to pay $72,282.00 in trial-level attorney's fees and costs to Plaintiff. Id.

Shortly after this ruling, Defendants sought *ex parte* relief from the trial court, requesting a stay of execution on the attorney's fees judgment. *Id.* at ¶ 4. They asked for the stay to remain in place for one year or until a final judgment was entered in a separate civil case, Superior Court of Guam Civil Case No. CV0425-18 ("CV0425-18"). *Id.* That case, notably, was not filed by the homeowners but by their attorney, Wayson Wong, who sought payment from Plaintiff on a promissory note given by Cyfred to him. *Id.* at ¶ 19. The trial court denied the stay request, concluding that none of the provisions under Guam Rules of Civil Procedure Rule 62 applied to the motion and that there was no basis for granting a stay. *Id.* at ¶ 5.

Defendants then appealed the denial of the stay and filed an emergency motion with the Guam Supreme Court to halt execution of the attorney's fees judgment, which was also denied. *Id.* at ¶ 6. In turn, Plaintiff filed a motion requesting reimbursement of appellate attorney's fees incurred in opposing the emergency motion. *Id.* at ¶ 7. Defendants then filed a Notice of Intervening Facts alleging fraud upon the court based on the allegation that Plaintiff concealed its insolvency from the trial court. *Id.* at ¶ 9. Defendants filed a Motion Relief for Fraud Upon the Court ("Motion for Relief") in CV0735-18 seeking to set aside the judgment based on the alleged nondisclosure of insolvency. Appendix I at 2. Plaintiff objected to the notice, stating the

3

"allegations of fraud on the court are meritless." *Cyfred, Ltd.*, 2021 Guam 24 ¶ 9. As to date, a decision has not yet been issued on Defendants' Motion for Relief.

On December 15, 2024, the Guam Supreme Court issued its Opinion holding that the trial court does not have authority to extend staying execution of a judgment based on a separate lawsuit involving different parties. *Id. generally.* Because the plaintiffs in CV0425-18 and CV0735-18 were not the same, the trial court lacked authority to grant the stay the homeowners requested. *Id.* at ¶ 22. The Guam Supreme Court stated that "Cyfred's insolvency would be relevant only if the judgment debtor had another action pending on a disputed claim against the judgment creditor," in other words, Cyfred's insolvency would be relevant only if the parties were the same. *Id.* at ¶ 21. Accordingly, the Guam Supreme Court did not consider the matter of Cyfred's insolvency. *Id.* The Guam Supreme Court affirmed the denial of the stay and remanded the matter to the trial court to determine the appropriate amount of appellate attorney's fees and court costs to be awarded to Plaintiff. *Id.* at ¶ 26.

## B. Relevant Filings in Present Matter

On July 6, 2023, Plaintiff filed its Complaint, alleging malicious prosecution in another case—CV0735-18. On July 26, 2023, the Various Defendants filed their Answer to Complaint Demand for Jury Trial of Six.

On July 23, 2024, the Various Defendants filed a Notice of Intervening Facts That Should Cause Proceedings in This Case To Be Stayed Temporarily ("Notice"). In response, the Plaintiff filed an Objection to the Defendant's Notice. At the July 25, 2024 hearing, the Court informed the Various Defendants that the Notice did not comply with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam. The Court instructed the Various Defendants to

file a motion in compliance with the motion practice rules. See Order After Hearing (Aug. 7, 2024).

On September 12, 2024, Defendants filed a CVR 7.1 Form 5 Ex Parte Application ("Application") requesting an "[o]rder staying this case until 10 days after the Court in CV0735-18 decides the appearing defendants' pending fraud on the Court motion for that case." Appl. at 1. Alternatively, Defendants requested "dismissing this case without prejudice." *Id.* Attached, was Various Defendants' Memorandum of Points and Authorities for their Ex Parte Application for Relief (Stay) and Declaration of Wayson W.S. Wong ("Memorandum"). The same day, the Various Defendants filed Appendix I, Appendix II, and Appendix III to their Memorandum.[1]

On October 4, 2024, Plaintiff filed its Opposition to Defendants' Motion to Stay or Dismiss This Case Pending the Outcome of Defendants' Motion Re: Fraud On the Court in CV0735-18 ("Opposition").

On October 24, 2024, the Various Defendants filed Various Defendants' Reply Memorandum in Support of Their Motion for a Stay; Certificate of Service ("Reply").

The Court held a hearing on the Various Defendants' Motion on April 10, 2025. Attorney Wong was not present at the hearing. After hearing from Attorney Van de Veld on the Motion, the Court took the matter under advisement. *See* Under Advisement Notice (Jan. 29, 2025). In response, on January 29, 2025, Attorney Wong filed Various Defendants' Response to This Court's Under Advisement Notice in which he "apologizes to the Court for failure to appear at the hearing."

---

[1] The Court denied the request to hear the matter ex parte and required the Various Defendants to serve the Application on the Plaintiff. The Court also denied the Various Defendants' request to hear the matter on an expedited basis and required the Various Defendants to submit a CVR 7.1 Form 1.

On April 16, 2025, the Court held a status hearing to address matters separate from the Motion.[2] Attorney Wong represented to the Court that he filed a second motion for fraud in CV0735-18 that, if granted, would also be determinative in the Plaintiff's present malicious prosecution claims. Min. Entry at 9:24 AM (Apr. 16, 2025).

Following the status hearing, the Various Defendants filed a Notice of Incorrect Statements by Attorney Curtis Van de Veld at the Status Conference Held Today ("April 16, 2025 Notice").

## DISCUSSION

The Various Defendants argue that this matter should be stayed because they filed a Motion for Relief for Fraud Upon This Court ("Motion for Relief") in CV0735-18 that if granted, would set aside the judgment in that matter and dispose of a key element of Plaintiff's malicious prosecution claim—that the proceeding was terminated in the Various Defendant's favor.[3] Memorandum at 1. Alternatively, the Various Defendants request that the Court dismiss the case without prejudice because Plaintiff "cannot show it is entitled to proceed with its malicious prosecution claims because it cannot show it can prove the required element that the underlying case was terminated in its favor." *Id.* at 3.

In opposition, Plaintiff contends that the Motion for Relief is a "groundless effort" that

---

[2] On March 13, 2025, Plaintiff issued a summons to name and serve defendants previously identified as DOE defendants. In response, on April 4, 2025, Attorney Wong filed Defendant Wayson W.S. Wong's Answer to Complaint; Counterclaim and Third-Party Complaint. Attached as Exhibit A was Various Defendants' second motion for relief for fraud in CV0735-18. *See* Def. Wayson W.S. Wong's Ans. Compl., Ex. A (Apr. 4, 2025). On April 7, 2025, Attorney Wong filed First Amended Counterclaim and Third-Party Complaint; Redemand for Jury Trial of Six which also included Various Defendants' second motion for relief for fraud in CV0735-18 as Exhibit A.

[3] "A plaintiff must plead and prove three elements to establish the tort of malicious prosecution: a lawsuit (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." *Nunez v. Pennisi*, 241 Cal. App. 4th 861, 872–73 (2015).

6

seeks to "delay and frustrate the progress of this case." Opp'n at 2.

## A.     A Stay Is Not Appropriate Here

As the Guam Supreme Court has recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself for counsel, and for litigants." *Perez v. Monkeypod Enters.*, 2022 Guam 12 ¶ 27 (quoting *Landis v. N Am. Co.*, 299 U.S. 248, 256 (1936)). As an extension of this principle, other courts have recognized their "inherent power to stay proceedings pending a decision by the U.S. Supreme Court in another case." *Lair v. Murray*, 871 F.Supp.2d 1058, 1068 (D. Mont. 2012). Other courts have likewise recognized the power to stay proceedings in one case pending the decision in a "bellwether" case, as waiting on the latter decision "can serve to winnow and sharpen" the instant case. *St. Paul Fire and Marine Insurance Co. v. AmerisourceBergen Corp.*, 295 Cal.Rptr.3d 400, 411 (Ct. App. 2022). The Court therefore finds it has the power to stay these proceedings; the only question is whether a stay is appropriate under the circumstances.

In determining the appropriateness of a stay, the burden of proof belongs to the party requesting the stay; here, to the Various Defendants. *See United States v. Guam*, 2013 WL 5809289 * 7 (D. Guam Oct. 29, 2013); *see also Landis*, 299 U.S. at 255 ("the suppliant for a stay must make out a clear case of hardship or inequity to go forward[.]"). Generally, it is appropriate to grant a stay "when doing so would serve some legitimate interest of the parties or the court." *Fujikawa v. Gushiken*, 823 F.2d 1341, 1347 (9th Cir. 1987). But since the interests of the parties and/or the court are not always in harmony, a balancing of interests is often required. As the Ninth Circuit has explained:

> Where it is proposed that a pending proceeding be stayed, the
> competing interests which will be affected by the granting or refusal ·

7

> to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir. 2001)("[w]e evaluate stay requests under the same standards employed by district courts in evaluating motions for preliminary injunctive relief.").

Therefore, in evaluating the Various Defendants' Motion, the Court considers (1) a threat of irreparable harm; (2) a likelihood of success on merits; (3) whether the injunction will substantially injure other parties in the proceeding; and (4) where the public interest lies. *See Benavente v. Taitano*, 2006 Guam 20, ¶ 15. "The first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

### 1.    Threat of Irreparable Harm

The Various Defendants argue that staying the proceedings would "avoid immediate and irreparable harm" because "[they] would avoid the substantial undue burden and expense of responding to discovery requests that are not valid or premature or responding to the motion to amend which also would be premature and/or incomplete . . . ." Appl. at 1.

The "key word in this consideration is irreparable." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1103 (D. Nev. 2022). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020)(quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). "Ample case law finds that the burden of meeting one's discovery obligations does not generally constitute irreparable injury."

8

*PlayUp, Inc.* 635 F. Supp. 3d at 1103; *see also Agerkop v. Sisyphian LLC*, No. CV 19-10414-CBM, 2021 WL 4348734, at *4 (C.D. Cal. July 26, 2021).

The Court finds that Defendants have not shown a credible threat of irreparable harm. Their claimed injury of being required to respond to discovery is not a legal injury but a standard part of litigation. Courts have consistently held that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980)(quoting *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)). Defendants provide no evidence that such burdens are exceptional. Thus, the Various Defendants' assertion of harm stemming from discovery obligations amounts to a standard litigation burden, not an irreparable injury.

Accordingly, this factor does not weigh in the Various Defendants' favor.

### 2. Likelihood of Success on Merits

#### a. Various Defendants' First Motion for Fraud

The Various Defendants assert that they "have a good chance" of having their pending Motion for Relief granted in CV0735-18. Memorandum at 1. The Various Defendants "referenced and invited this Court to review their pending motion, its supporting memorandum, Cyfred's opposition to it and their reply memorandum" filed as Appendices I-III. *Id.* at 2.

The Various Defendants claim that Plaintiff concealed a significant liability—a confidential arrangement to pay attorney's fees. Reply at 3. If disclosed, the Various Defendants argue this would have precluded summary judgment in Plaintiff's favor. *Id.* The Various Defendants contend that this alleged nondisclosure constitutes a fraud on the court sufficient to set aside the judgment, thus undermining an essential element of Plaintiff's malicious prosecution

claim. *Id.*

Plaintiff counters that the Various Defendants' motion for fraud on the court is entirely speculative and "baseless." Reply at 3. Plaintiff points out that the Various Defendants allegations of fraud rely on facts that were already known or readily available to the Various Defendants' counsel during the underlying CV0735-18 proceedings. *Id.*

In his Reply memorandum in CV0735-18, Wong asserts that he was aware of the fee arrangement, but that he had "forgot about it by 2019" and did not know whether it had been "satisfied, expired or resolved in some other way" during the summary judgment proceedings. Appendix III at 10. He emphasizes that the fraud only became clear to him in 2024, when declarations by Cyfred and its counsel revealed that Cyfred had entered into the payment arrangements that are the basis of the fraud. *Id.* at 2-3.

In seeking to establish a likelihood of success on the merits, it is the moving party's burden to clearly demonstrate that a stay is warranted, including by establishing a likelihood of success on the merits. *Nken*, 556 U.S. at 433–34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion.").

Setting aside a judgment is a difficult and exceptional remedy, subject to strict legal standards. Courts are generally hesitant to disturb final judgments, recognizing the need for finality in litigation. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006)("Fraud on the court should be read narrowly, in the interest of preserving the finality of judgments.)

As the Ninth Circuit has explained, "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only [in] extraordinary circumstances . . . ." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.

10

1993). The legal grounds for setting aside a judgment are typically limited to very specific and serious issues, such as fraud, misrepresentation, or misconduct by the opposing party. *See* Fed. R. Civ. P. 60.

Fraud on the court is "tightly construed" because the consequences are severe. *See* Fed. R. Civ. P. 60(b).[4] "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.; see also* Moore's Federal Practice ¶ 60.33, at 60–360 (noting that fraud on the court should "embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication").

Moreover, because the burden of proof is by "clear and convincing evidence," the party seeking to set aside the judgment must provide strong, unequivocal evidence that the fraud "must involve egregious conduct, such as an unconscionable plan or scheme designed to improperly influence the court in its decision." *Latshaw*, 452 F.3d at 1104.

Based on this standard, the Various Defendants' argument appears tenuous. Merely

---

[4] Rule 60(b)of the GRCP is modeled after its federal counterpart. Guam R. Civ. P. 60, SOURCE. Thus, federal interpretations of the analogous federal procedural rule are persuasive for guidance. *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 25, n. 1 ("[F]ederal decisions construing rules from which our own are derived are persuasive authority.").

showing that information was not disclosed is generally insufficient to establish fraud on the court, especially if Plaintiff was correct that the information was known or available to the opposing party. The Ninth Circuit has emphasized that fraud upon the court must involve an "unconscionable plan or scheme to improperly influence the court's decision." *See id.* The failure to disclose certain facts, without evidence of a deliberate attempt to deceive or manipulate the judicial process, does not meet this high threshold. *See Schukman,* 98 F.3d at 552 (finding that nondisclosure to the court of facts allegedly pertinent to the matter before it does not rise to the level of fraud on the court). The Various Defendants emphasized that "the fraud on the Court was attorney Van de veld's [*sic*] failure to inform the Court of that liability during the 2019 summary judgment proceedings." Memorandum at 3. Such nondisclosure, even if proven, does not present the sort of extraordinary misconduct required to set aside a judgment.

Given that a motion to set aside a final judgment for fraud upon the court is an extraordinary remedy that is rarely granted, and the nature of the Various Defendants' claim, the Court finds the likelihood of success on the merits is unlikely. Because the Various Defendants' argument rests solely on allegations of nondisclosure, rather than intentional corruption of the court's decision-making process, the Court need not address the merits of the alleged nondisclosure of insolvency further. As such, this factor weighs in favor of denying a stay.

### b. Various Defendants' Second Motion for Fraud

At the April 16, 2025 status hearing, the Various Defendants noted to the Court that a second motion for fraud upon the court was filed in CV0735-18. Min. Entry at 9:24 AM (Apr. 16, 2025). Yet the Various Defendants did not explain the substantive arguments in the pending motion, nor did the Various Defendants request an opportunity to file additional briefing to the

Court.[5] The Court does not take judicial notice of arguments in pleadings. *See* GRE Rule 201(f). "In taking judicial notice, a court may only take judicial notice of the truth of facts in certain documents, including past court orders, findings of fact and conclusions of law, and judgments." *In Re NA.,* 2001 Guam 7, ¶ 58, (citation omitted). "As for all other submissions in the file, the court should only take judicial notice of the fact of their existence, and not the truth of the facts within". *Id.*

Here, the Various Defendants have not satisfied the burden of establishing a likelihood of success. Rather than presenting any substantive argument, the Various Defendants merely attached briefing from an entirely different case as an exhibit to their pleadings, to an Answer and First Amended Counterclaim, and offered the conclusory assertion that this matter had "an even greater chance" of success. This conclusory statement, without any reasoned explanation or citation to authority, fails to meet the required standard.

Courts are not obligated to scour the record, read and interpret motions filed before another judge in a different matter, in an attempt to locate arguments or evidence on behalf of a party. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Instead, the movant must point to specific evidence and explain why that evidence demonstrates a likelihood of success on the merits. Simply referencing other filings without meaningful analysis is insufficient.

Therefore, Defendants have not met their burden in demonstrating this factor.

### 3. Substantial Injury to Other Party and Public Interest

Because Defendants fail to establish either sufficient likelihood of success or sufficient

---

[5] The Court noted at the hearing and in its previous decision, that it can take judicial notice of what was filed, but cannot take judicial notice of the substance within the documents, except as allowed by rule or case law. Min. Entry at 9:26 AM (Apr. 16, 2025); *see also* Decision and Order Denying Motion to Reassign this Case to Judge Elyze M. Iriarte (June 24, 2024).

probability of irreparable harm, it is unnecessary to address the remaining factors. *See Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996)(Because there was no likelihood of success on the merits and irreparable harm, "we need not address the balance of equities or comparison of hardships involved in the granting or denial of the stay"); *see also PlayUp, Inc.*, 635 F. Supp. 3d at 1104 ("Because Counter-Defendants fail to establish either sufficient likelihood of success or sufficient probability of irreparable harm, it is unnecessary to address the remaining factors."). However, the Court will briefly address the other factors.

At the motion hearing, when asked about whether Plaintiff would suffer substantial injury should a stay be granted, Attorney Van de Veld stated, "I may not survive this case. I have duties and obligations to Cyfred and they have obligations to me." Min. Entry at 10:39 AM (Jan. 23, 2025).

Attorney Van de Veld is not a party in the matter, and financial injury to him personally is not a fact that the Court considers. Rather, the Court considers whether his client, Plaintiff Cyfred, would suffer substantial injury.

Here, it is unlikely that Plaintiff would suffer substantial injury either if this matter was stayed. Plaintiff's only injury would be the time delay in litigating the matters, which is not a substantial injury—it is the consequence of any stay granted and is the very nature of a stay. *See Doe #1 v. Trump*, 957 F.3d 1050 (9th Cir. 2020)(substantial injury found where movant city described significant harm to governmental entities, such as loss of state and local taxes paid by immigrants and detrimental effects on job sectors that disproportionately employed immigrants); *OrthoAccel Techs., Inc. v. Propel Orthodontics*, LLC, No. 4:16-CV-00350-ALM, 2017 WL 3671862, at *3 (E.D. Tex. Apr. 28, 2017)(substantial injury found because a stay would perpetuate

14

either false advertising or anticompetitive behavior); *Moreau v. White*, No. 4:24-CV-857, 2025 WL 299250, at *3 (E.D. Tex. Jan. 24, 2025)(substantial injury found where a stay would delay a mother's reunification with her children and disrupt the children's education and stability).

As to the public's interest, Plaintiff argues that the stay should be denied as a matter of policy because Defendants seek to use the motions to "prevent or delay any kind of redress for their malicious actions." Reply at 2.

Considerations of judicial economy are important. Both parties, as well as the court system, would benefit from a speedy resolution. However, if the Court denies the stay and allows this case to proceed at the same time as the pending motions in that matter, the Court and the parties may waste time and resources litigating an issue that could become moot if either of the pending motions in CV0735-18 is granted. The inefficient use of resources may be avoided by briefly staying these proceedings. *See Cholipski v. Bovis Lend Lease, Inc.*, 16 N.E.3d 345, 352 (Ill. Ct. App. 2014). Thus, while the public interest factor only weakly favors a stay considering that the Court did not find likelihood of success on the merits, it nonetheless weighs slightly in the Various Defendants' favor.

However, since the first two factors are not met, the Court finds that the Motion should be denied.

## B. Motion to Dismiss Is Denied

The Various Defendants' Motion is deficient because it fails to cite any applicable Guam law or procedural rule in support of dismissal. Instead, the Various Defendants merely assert, without any legal authority, that Plaintiff "cannot show it can prove the required element that the underlying case was terminated in its favor." Memorandum at 3.

15

Conclusory arguments unsupported by citation to relevant authority are insufficient grounds for dismissal. *See Danko v. Cline*, No. 2 CA-CV 2024-0244, 2025 WL 18649, at *2 (Ariz. Ct. App. Jan. 2, 2025)("Arguments that are not supported by adequate explanation, citations to the record, or authority" are deemed waived."); *See In re Argon Credit, LLC*, 596 B.R. 882, 889 (N.D. Ill. 2019)("It offers no authority in support of its argument. The court therefore does not consider the argument.").

Accordingly, the Court finds that the Various Defendants have not met their burden to demonstrate that dismissal is warranted at this stage.

## CONCLUSION

For the foregoing reasons, the Various Defendants' Motion is **DENIED**.

SO ORDERED: _____ **MAY 0 2 2025** _____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam